## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PEYTON GYLAND,

    Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and VYSTAR CREDIT UNION,

    Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, PEYTON GYLAND (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and VYSTAR CREDIT UNION (hereinafter "Vystar") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; Vystar's principal address is in this District; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    Vystar is a corporation headquarter at 76 South Laura Street, Jacksonville, Florida 32202.

17.    Vystar is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Vystar furnished information about Plaintiff to Experian and Trans Union that was inaccurate.

4

## FACTUAL ALLEGATIONS

19.     Plaintiff had a credit account with Vystar, partial account number 445379******, as to a credit card (hereinafter "Vystar Account").

20.     In or about July 2022, Plaintiff visited a local Vystar branch to pay the balance and close the Vystar Account.

21.     In or about November 2022, Plaintiff received a billing statement for the Vystar Account. Believing the Vystar Account had a zero balance and had been closed, Plaintiff again visited a local Vystar branch.

22.     At that time, Plaintiff did not recognize all the charges but proceeded to pay the entire balance, and Plaintiff requested again for the Vystar Account to be closed. Since her payment left a zero balance, Plaintiff was advised by the Vystar employee at the local branch that the Vystar Account would be closed.

23.     The following month in or about December 2022, Plaintiff again received a billing statement for the Vystar Account in the amount of approximately $1,500. Plaintiff again visited a local Vystar branch to dispute the erroneous balance.

24.     Plaintiff spoke to the branch manager who admitted the error and stated Plaintiff would be reimbursed. The branch manager further advised Plaintiff that the Vystar Account would be removed from her credit reports.

25.    The following day Plaintiff returned to the local Vystar branch and spoke with a representative who confirmed the Vystar Account was closed.

26.    In or about January 2023, Plaintiff received yet another billing statement for the Vystar Account in the amount of approximately $1,800.

27.    On or about May of 2023, Plaintiff applied for an Apple credit card and was denied.

28.    Unsure as to why she was denied, on or about June 20, 2023, Plaintiff obtained copies of her Experian and Trans Union credit report. Upon review, Plaintiff observed the Vystar was being reported as open and with a pay status of ">Account 90 Days Past Due Date<". Additionally, the account had a balance of $309.

29.    On or about July 10, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau (hereinafter "CFPB"), File ID 230710-11496281.

30.    In the CFPB report, Plaintiff detailed the fact that the erroneous balance of the Vystar Account was appearing on her credit report, and she requested an investigation into the inaccurate reporting by the CRAs.

31.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

32.    Upon information and belief, Experian and Trans Union failed to review the CFPB Complaint that Plaintiff filed and continued to report the erroneous account balance on her credit report.

33.    On or about September 5, 2023, Plaintiff mailed detailed written dispute letters to Experian and Trans Union concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Vystar Account should have a zero balance and be closed. Plaintiff included an image of her driver's license, Social Security card, and recent utility bill to confirm her identity. Plaintiff also included images of the erroneous credit reporting, a screenshot of her credit denial, and a copy of her filed Identity Theft Report with the Federal Trade Commission, number 161818502.

34.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Experian (9589 0710 5270 0635 5351 03) and Trans Union (9589 0710 5270 0635 5351 10).

35.    Despite confirmation of delivery on September 8, 2023, Plaintiff never received dispute results in the mail from Experian.

36.     Experian failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

37.     Upon information and belief, Experian notified Vystar of Plaintiff's dispute. However, Vystar failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

38.     Despite confirmation of delivery on September 9, 2023, Plaintiff never received dispute results in the mail from Trans Union.

39.     Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

40.     Upon information and belief, Trans Union notified Vystar of Plaintiff's dispute. However, Vystar failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

41.     On October 16, 2023, Plaintiff attempted to obtain a copy of her Trans Union credit report and was unable to.

42.     Due to the continued inaccurate reporting, on or about November 9, 2023, Plaintiff again mailed detailed written dispute letters to Experian and Trans Union concerning the inaccurate and erroneous balance being reported. Plaintiff

reiterated the Vystar Account should have a zero balance and be closed. Plaintiff included an image of her driver's license, Social Security card, and recent utility bill to confirm her identity. Plaintiff also included images of the erroneous credit reporting, a screenshot of her credit denial, an image of the filed CFPB complaint, and a copy of her filed Identity Theft Report with the Federal Trade Commission, number 161818502.

43.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Experian (9405 5112 0620 9385 9292 04) and Trans Union (9405 5112 0620 9385 9752 32).

44.     Despite confirmation of delivery on November 13, 2023, Plaintiff never received dispute results in the mail from Experian.

45.     Experian failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

46.     Upon information and belief, Experian notified Vystar of Plaintiff's dispute. However, Vystar failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.     Despite confirmation of delivery on November 13, 2023, Plaintiff never received dispute results in the mail from Trans Union.

48.     Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

49.     Upon information and belief, Trans Union notified Vystar of Plaintiff's dispute. However, Vystar failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.     On or about December 14, 2023, Plaintiff attempted to obtain updated copies of her credit reports online but was blocked from receiving a copy from Experian and Trans Union.

51.     Upon information and belief, as of the filing of this Complaint, Experian and Trans Union continue to report negative and inaccurate information on Plaintiff's credit report regarding the Vystar Account, and Plaintiff's damages are on-going.

52.     Defendants have never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into her disputes as it is required to by law or otherwise make her credit file accurate.

53.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

54.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

    v.    Defamation as Experian and Trans Union published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Experian Information Services, Inc. (Negligent)**

55.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

56.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.    Experian allowed for a Furnisher to report inaccurate information on an account.

58.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

59.    Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

60.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Services, Inc. (Willful)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

64.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.    Experian allowed for a Furnisher to report inaccurate information on an account.

66.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

67.    Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

68.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Services, Inc. (Negligent)

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

72.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

73.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information

15

and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Vystar.

74.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**

16

**Defendant, Experian Information Services, Inc. (Willful)**

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

78.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

79.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Vystar.

80.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

81.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

83.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

84.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer background file.

85.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

86.    Despite the sufficient proofs of identification produced by Plaintiff, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation and/or results to Plaintiff.

87.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION

SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

90.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

91.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer background file.

92.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

93.    Despite the sufficient proofs of identification produced by Plaintiff, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation and/or results to Plaintiff.

94.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

98.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.  Trans Union allowed for a Furnisher to report inaccurate information on an account.

100.  Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.  Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

102.  As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

103.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

104.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

105.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

106.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

107.    Trans Union allowed for a Furnisher to report inaccurate information on an account.

108.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

110.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

114.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

115.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Vystar.

116.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

118.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

120.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

121.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Vystar.

122.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

123.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

124.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

126.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer background file.

127.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

128.   Despite the sufficient proofs of identification produced by Plaintiff, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation and/or results to Plaintiff.

129.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

130.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

131.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award

Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

132.  Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

133.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer background file.

134.  Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

135.  Despite the sufficient proofs of identification produced by Plaintiff, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation and/or results to Plaintiff.

136.  As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit

from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

137. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Vystar Credit Union (Negligent)

139. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

140.   Vystar furnished inaccurate account information to Experian and Trans Union, and through Experian and Trans Union to all of Plaintiff's potential lenders.

141.   Upon information and belief, after receiving Plaintiff's disputes, Vystar violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian and Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

142.   Plaintiff provided all the relevant information and documents necessary for Vystar to have identified that the account balance was fraudulent and inaccurate.

143.   Vystar did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Vystar by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

144.   Vystar violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian and Trans Union after it had been notified that the information it was furnishing was inaccurate.

145.   As a result of this conduct, action, and/or inaction of Vystar, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and/or inaction of Vystar was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

147.   Plaintiff is entitled to recover costs and attorney's fees from Vystar in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual damages against Defendant, VYSTAR CREDIT UNION; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to

## Defendant, Vystar Credit Union (Willful)

148.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully stated herein.

149.   Vystar furnished inaccurate account information to Experian and Trans Union, and through Experian and Trans Union to all of Plaintiff's potential lenders.

150.   Upon information and belief, after receiving Plaintiff's disputes, Vystar violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian and Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

151.   Plaintiff provided all the relevant information and documents necessary for Vystar to have identified that the account balance was fraudulent and inaccurate.

152.   Vystar did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Vystar by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

34

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

153.   Vystar violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Trans Union after it had been notified that the information it was furnishing was inaccurate.

154.   As a result of this conduct, action, and/or inaction of Vystar, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and/or inaction of Vystar was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

156.   Plaintiff is entitled to recover costs and attorney's fees from Vystar in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VYSTAR CREDIT UNION; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, PEYTON GYLAND, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and VYSTAR CREDIT UNION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of December 2023.

Respectfully Submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Primary Email:

Frank@TheConsumerLawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*